## Commonwealth v. Nanstlel.

*School law — Compulsory attendance — Summary conviction — Appeal — School Code of May 18, 1911.*

The defendant was convicted and fined before a magistrate for failing to send his daughter, eight years old, to school. His defences were the refusal of the school board to furnish free transportation of the child to and from the school, three miles distant from his residence, and the dangers to his child in going to a school one and a-half miles away, but in another district, without an attendant, which he could not afford: *Held*, that under the School Code of May 18, 1911, P. L. 309, one and a-half miles is the minimum distance of compulsion without free transportation, and judgment reversed on appeal.

School Code, §§ 1404, 1406. 1407. 1414 and 1418, considered.

Appeal by defendant from summary conviction. Q. S. Luzerne Co., April Sess., 1921, No. 177.

*M. S. De Pierro*, Assistant District Attorney, for Commonwealth.

*E. Shortz, Jr.*, for defendant.

FULLER, P. J., May 10, 1921.—In this case the defendant was summarily convicted and fined before a magistrate under section 1423 of the School Code for breach of compulsory attendance, by failing to send his daughter, eight years of age, to school as the law requires.

His main defence before the magistrate and in court on this appeal is the refusal of the school board to furnish free transportation of the child to and from school on account of the distance, by reason whereof and on other grounds he claims exemption under certain provisions of the Code. We find the following

*Facts.*

1. Defendant is a resident of Foster Township, a school district of the third class, and has a daughter eight years of age subject to the requirement of compulsory attendance at school.

2. This daughter had been attending the Oley Valley School of the district where she properly belonged, but in the fall of 1920 the board closed that school for reasons specified in section 1406 of the Code, and assigned the pupils to another school in the district, about three miles distant, as legally computed, from her residence.

3. The defendant then, with approval of the board and at the latter's expense, though without formal assignment, placed his daughter in a school of White Haven Borough, an adjacent district of the fourth class, with consent of its board, said school being distant from her residence somewhat over one and one-half miles, where he continued to send her until March 17, 1921.

4. On that date he detained her from school and has since refused to send her for the following reasons which are true in fact, viz.: (1) That the board refused to provide free transportation of the daughter to and from school; (2) that he cannot afford to provide such transportation himself; (3) that the road to the White Haven School is a lonely one, dangerous for a child of such tender years to travel without an attendant, which he is unable to furnish.

The case involves two questions which we are asked to decide, viz.: 1. Whether the defendant was relieved from his obligation to send his daughter to school by the board's failure to provide free transportation? 2. Whether, with or without free transportation, he was relieved by the other reasons just mentioned?

If both of these questions be negatived, the conviction should be sustained; but if either of them should be affirmed, the conviction should be reversed.

1. The parental obligation of attendance is defined in the first instance by section 1414 of the School Code, viz.: "Every parent, etc., in this Commonwealth having control or charge of any child or children between the ages of eight and sixteen years is required to send such child or children to a day school in which the common English branches are taught; and such child or children shall attend such school continuously through the entire term during which the public elementary schools in their respective districts shall be in session."

This plainly contemplates attendance at a school within the district, and does not of itself impose an obligation upon the parent to send the child to a school in another district.

Section 1418 provides: "In case there is no public school in session within two miles, by the nearest traveled road, of the residence of any child, such child shall be exempt from the provisions of this act relating to compulsory attendance, unless proper free transportation be furnished to such child to and from school."

In this case the assigned school being distant from residence more than two miles, the defendant was plainly absolved from his obligation, unless this conclusion be prevented by other sections of the Code.

Section 1404 provides: "Where any pupil in any school district resides one and one-half miles or more, by the public road, from the nearest public elementary school in the district, such pupil, unless proper free transportation be furnished to a suitable school in the district, on obtaining the consent of the board of the school directors thereof, may attend any public elementary school in another school district more convenient of access without the consent of the board of school directors of the district where such pupil resides;" and the section then imposes upon the latter district the cost of tuition, textbooks and school supplies only, and further provides that the board "may, on account of convenience of access or other reasons, permit any pupils to attend the schools of another district on such terms as the two boards may mutually

1 D. & C.

agree upon," and, further, "may provide for the free transportation of any pupil to and from the public schools."

Under this section, if the residence be one and one-half miles or more, though less than two miles, the parent, if free transportation be not provided, has the option to place the child in a school of another district with consent of the outside board and without consent of the inside board, but is not compelled to exercise this option, and the board of the resident district is not compelled to provide free transportation; for the word "may," both as applied to the pupil and to the board, does not properly fall within the rule of statutory construction which sometimes makes that word the equivalent of "shall," mandatory instead of discretionary.

Down to this point in our review we are unable to discover any obligation resting upon this parent in the premises.

So we come to section 1406, viz.: "The board of school directors of any school district may, on account of the small number of pupils in attendance, etc., close and consolidate any one or more of the public schools in its district, and, upon such school or schools being so closed, the pupils who belong to the same shall be assigned to other schools: Provided, that in any district of the fourth class, pupils who belong to any such closed school, and reside one and a-half miles or more from the school to which they are assigned, shall be furnished proper transportation, etc."

With which may be read section 1407, viz.: "If any such pupils are assigned to an adjoining district, the district where such pupils reside shall promptly pay to the district in which they attend school the cost of tuition, text-books and school supplies only, etc."

And section 1408, which defines the rule for computation of distance, and provides "that the free transportation of pupils, as required or authorized by this act, may be furnished by using electric railways, etc., when the total distance which any pupil must travel between his residence and the school, in addition to such transportation, does not exceed one and one-half miles, etc."

It may be that if this pupil, under sections 1406 and 1407, had been formally assigned to the outside school, distant more than one and one-half miles, though less than two miles, the duty of furnishing free transportation would not devolve upon the board of Foster Township, being of the third class, even though White Haven Borough District is of the fourth class, and the duty of the parent would exist, notwithstanding the refusal of free transportation.

But in this case the school of formal assignment inside the district is distant more than two miles, establishing exemption under section 1418, and there was no formal assignment to the outside school, the pupil having been sent there by the parent in the voluntary exercise of his option under section 1404.

Owing to the extraordinary verbosity and ambiguity of the School Code, the product of many intelligent though differing minds at work in the evolution of a system, it is not easy to reach clear and positive conclusions on this subject, but we seem to discover a general intent to regard one and one-half miles as the minimum distance of compulsion without free transportation, notwithstanding the limit of two miles, stated in section 1418, and if we give effect to this intent, the defendant would be absolved without aid of other considerations. Be that as it may, however, we conclude from the law as above quoted, and from the facts as above found, that he was absolved by refusal of the board to furnish free transportation.

2. The equity of his attitude is enhanced by the verity of the other reasons urged by him and stated in our fourth finding of fact. In law, however, under

Commonwealth v. Nanstiel.

section 1415, it perhaps devolved exclusively upon the board, without interference by the court, to determine whether those reasons are of an "urgent" and exemptive character, and so we will not pass upon their sufficiency.

On the sole ground of the board's refusal to furnish free transportation, the judgment of conviction is reversed.

From F. P. Slattery, Wilkes-Barre, Pa.